**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casitas Del Sol Condominium Owners Association,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Fire and Casualty Company and Fictitious Parties,<br><br>Defendants. | No. CV-22-00685-PHX-DGC<br><br>**ORDER** |

Plaintiff Casitas Del Sol Condominium Owners Association moves to compel an appraisal based on a provision in its contract with Defendant State Farm Fire and Casualty Company (Doc. 8), and to dismiss fictitious parties (Doc. 9). The motion to compel is fully briefed. Docs. 8, 16, 18. Defendant moves to dismiss Plaintiff's amended complaint for failure to state a claim for relief. Doc. 17. That motion is also fully briefed. Docs. 17, 19, 20. The parties have not requested oral argument. For reasons stated below, the Court will deny Defendant's motion to dismiss, grant Plaintiff's motion to compel an appraisal, and dismiss fictitious parties.

**I.    Background.**

Plaintiff is a condominium owners association for properties located at 9663-9695 N. 111th Avenue, Sun City, Arizona. Doc. 10 ¶¶ I, V. Defendant provides insurance for the condominiums, including coverage for wind and storm loss. *Id.* ¶ V. Plaintiff alleges that it suffered storm and wind loss on January 25, 2021, and submitted a timely claim to

Defendant. *Id.* ¶¶ VII, VIII. Plaintiff also demanded an appraisal of the loss under an appraisal provision included in Defendant's insurance policy ("the Policy"). *Id.* ¶¶ IX, XI; Doc. 8 at 2. Defendant denied coverage and refused the appraisal. *Id.* ¶¶ IX, XI-XII; Doc. 16-2 at 2-3.

Plaintiff filed suit in state court, alleging breach of contract and bad faith. Doc. 1-3. Defendant removed the action to this Court. Doc. 1.

## II.   Defendant's Motion (Doc. 17).

### A.   Rule 12(b)(6) Standard.

Under Rule 12(b)(6), the factual allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully[,]" it "is not akin to a 'probability requirement[.]'" *Id.* (citing *Twombly*, 550 U.S. at 556).[1]

### B.   Count I – Breach of Contract.

To plead breach of contract, a plaintiff must identify a contract, breach, and damages. *Thunderbird Metallurgical, Inc. v. Ariz. Testing Labs.*, 423 P.2d 124, 126 (Ariz. Ct. App. 1967). Defendant concedes that Plaintiff adequately pleads that a contract for insurance exists between them, that its property was damaged by the 2021 storm, and that Plaintiff promptly reported the loss. Doc. 17 at 3. Defendant argues that Plaintiff fails,

---

[1] Plaintiff argues that pleading in this case is governed by Arizona law and repeatedly cites Arizona cases in support of its arguments. *See* Doc. 19. But "[i]t is rudimentary that pleading requirements in the federal court 'are governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to be sitting.'" *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) (citation omitted).

however, to plausibly allege a breach of contract. *Id.* Defendant contends that Plaintiff's allegations of breach are merely legal conclusions unsupported by factual allegations, are not entitled to a presumption of truth, and should be disregarded. *Id.* Defendant argues that Plaintiff fails to set forth any factual allegations to support its assertion of untimely or inadequate investigation, including who conducted it, when it took place, or how it was deficient. *Id.* Defendant argues that Plaintiff does not state any facts describing the terms of the insurance contract or suggesting that Plaintiff suffered a covered loss or had the right to payment or appraisal under the policy. *Id.*

Plaintiff plausibly alleges a contract for insurance coverage between it and Defendant covering its property in Sun City (Doc. 10 ¶ V); that the contract includes coverage for wind and storm loss (*id.*); that Plaintiff suffered wind and storm loss at its property and submitted a claim for the loss (*id.* ¶¶ VII-VIII); that the damage was covered under the Policy (*id.* ¶ V); that Defendant breached the insurance contract by refusing full coverage for the loss and by conducting a deficient investigation (*id.* ¶ IX); and that Defendant breached the contract by refusing an appraisal in "direct contradiction" to the terms of the contract (*id.*).

While Defendant points out additional details Plaintiff might have provided, parties are not required to allege every potentially relevant fact, and the absence of Defendant's missing details do not render Plaintiff's complaint deficient. Plaintiff plausibly alleges a contract, breach, and resulting damages. *Twombly*, 550 U.S. at 555 (noting that "detailed factual allegations" are not required to survive a motion to dismiss). Moreover, at this early stage in the litigation, many of the details demanded by Defendant may be exclusively within its control.

### C.    Count II – Bad Faith.

"To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981). "Mere negligence or inadvertence is not sufficient

– the insurer must intend the act or omission and must form that intent without reasonable or fairly debatable grounds." *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Ariz. 1986).

Defendant argues that Plaintiff fails to plead any facts showing its liability for bad faith. Doc. 17 at 4. Defendant argues that Plaintiff fails to allege what investigation or claim-handling activities took place, what was deficient about the process, what information was obtained, or how Defendant's assessment of the alleged damages differed from Plaintiff's. *Id.* at 4-5. Defendant argues that Plaintiff has not alleged facts describing the terms of the insurance policy or suggesting entitlement to benefits or an appraisal. *Id.*

Plaintiff plausibly alleges bad faith: it entered into an insurance contract with Defendant that covered storm and wind loss; the covered property sustained loss due to a storm; it timely submitted a claim for the loss; it complied with Defendant's requests for information and submitted information establishing its entitlement to coverage (Doc. 10 ¶ XI); Defendant refused to cover its loss despite having no information justifying the refusal (*id.* ¶ XII(b)); Defendant ignored facts supporting the claim (*id.* ¶¶ XII(a), (g)); Defendant refused to attempt good faith settlement of Plaintiff's claim when its liability became clear (*id.* ¶ XII(e)); and Defendant wrongfully withheld benefits as part of a scheme to increase profits by refusing to pay claims (*id.* ¶¶ XI, XIII).

Defendant's argument that Plaintiff does not plead other factual details is not persuasive at this early stage of litigation when detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, and Plaintiff does not have access to much of the information Defendant demands.

**III.   Plaintiff's Motion to Compel Appraisal (Doc. 8).**

    **A.   Legal Standard.**

In Arizona, appraisal provisions are analogous to arbitration provisions and are governed by arbitration principles. *See Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 892 P.2d 1365, 1369 (Ariz. App. 1994). The primary purpose is to "obtain an inexpensive and speedy final disposition of the matter involved." *Gates v. Ariz. Brewing Co.*, 54 Ariz. 266, 95 P.2d 49, 50 (1939). A court is "very limited in its power to refuse a motion to

compel arbitration." *Ori v. Am. Fam. Mut. Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044, at *2, *4 (D. Ariz. Nov.15, 2005).

### B.   Claim Appraisal.

The Policy written by Defendant contains an appraisal clause: "If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss." Doc. 16-1 at 19. The provision describes an impartial process involving two appraisers and an umpire to settle differences in valuation. *Id.* Plaintiff demanded an appraisal on November 14, 2021. Doc. 16-2 at 2. Defendant refused, asserting that "there was no accidental direct physical loss to the roof of the condominium complex" and that "appraisal cannot be used to resolve disputes in coverage." *Id.* at 2-3.

Defendant argues that an appraisal is not appropriate because the parties' dispute is over coverage, not the amount of loss. Doc. 16 at 2. Defendant argues that Plaintiff "incorrectly identifies that a dispute currently exists regarding the value of Plaintiff's claimed loss. No such dispute exists." *Id.* (citations omitted; emphasis in original). Because the dispute is solely about coverage and appraisers cannot resolve coverage issues, Defendant argues, appraisal is not appropriate. *Id.* at 3-4.

The Court is not persuaded. An appraisal will not determine coverage because, under Arizona law, an appraiser determines loss amount, not coverage. *Hanson v. Com. Union Ins. Co.*, 723 P.2d 101, 104 (Ariz. Ct. App. 1986). An appraisal thus will not prevent Defendant from contesting coverage. Defendant's own policy provides as much: "If there is an appraisal, we will still retain our right to deny the claim." Doc. 16-1 at 19.[2]

Defendant's reliance on *6700 Arrowhead* is not persuasive. Doc. 16 at 2-3. Defendant asserts that the Court found an appraisal improper, but the Court in fact ordered

---

[2] Plaintiff argues that appraisals necessarily involve some determination of causation. Doc. 18 at 5-6. This may be true. *See Klein v. Safeco Ins. Co. of Am.*, No. CV-20-02432-PHX-ESW, 2021 WL 3518639, at *3 (D. Ariz. Mar. 31, 2021) ("[T]he 'amount of loss' under the appraisal provision would necessarily include a determination of causation as to whether some of the damage to Plaintiffs' roof is due to another cause, such as wear and tear, and not by the November 2019 storm."). But the fact remains that appraisers cannot determine scope of coverage and Defendant will remain free to litigate coverage and causation.

an appraisal. *See 6700 Arrowhead Owners Ass'n v. State Farm Fire & Cas. Co.*, No. CV-12-1677-PHX-DGC, 2012 WL 5868969, at *2-3 (D. Ariz. Nov. 19, 2012). The parties agreed that some damage resulting from a hailstorm was covered, but the defendant "identified particular areas of the buildings which it maintains were not damaged by the hailstorm," denied coverage for those areas, and argued that an appraisal was not warranted for them. *Id.* at *2. The Court submitted the entire claim – including the portions for which coverage was denied – to appraisal, instructing the appraiser to itemize damages to preserve the defendant's ability to contest coverage for portions of the damages. *Id.* at *3. The Court concluded that the "[d]efendant is entitled to contest the scope of coverage in this Court, but should the additional damages be found within the scope of [the] policy, the appraisal clause entitled [p]laintiff to a determination of the amount of damages through an appraisal process." *Id.* at *2. The same rationale applies here. Plaintiff is entitled to an appraisal even in the face of Defendant's denial of coverage.

The Court cannot conclude that there is no dispute between the parties concerning the amount of loss, as Defendant contends. Defendant has not clearly stated that it will accept Plaintiff's loss amount ($212,994.25) if coverage is established. And Defendant's careful statement that such a dispute does not "currently" exist is telling. *See* Doc. 16 at 2. Should coverage be established, Defendant almost certainly will seek to challenge Plaintiff's loss estimate.

Under the insurance contract written by Defendant, Plaintiff is entitled to an appraisal. The Court will compel an appraisal consistent with the terms of the Policy and consistent with the "strong preference in favor of allowing [Plaintiff] to invoke the appraisal clause." *Ori*, 2005 WL 3079044, at *4.

Plaintiff requests that the Court stay this action while the appraisal is completed. Doc. 8 at 2. Defendant does not make contrary arguments. The Court will stay the case while Plaintiff's claim goes through the appraisal process.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 17) is **denied**.

  2. Plaintiff's motion to compel an appraisal (Doc. 8) is **granted**.

  3. The Court will stay this action. The parties shall jointly file a status report every 90 days regarding the status of the appraisal, and shall notify the Court within 10 days of the appraisal's completion.

  4. Plaintiff's unopposed motion to dismiss fictitious parties (Doc. 9) is **granted**. LRCiv 7.2(i). Defendants John and Jane Does I-X, XYZ Partnerships I-X, and ABC Corporations I-X are **dismissed**.

  Dated this 2nd day of August, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge